UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MITZIE M. BEAN, )
 )
        PLAINTIFF, )
 )
vs. ) CASE NO. 14-CV-172-FHM
 )
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
 )
        DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Mitzie M. Bean, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Mitzie M. Bean's applications were denied initially and upon reconsideration. Two hearings before Administrative Law Judge (ALJ) Lantz McClain were held on July 13, 2012 and November 2, 2012. By decision dated December 14, 2012, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 12, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 46 years old on the alleged date of onset of disability and 51 years old on the date of the ALJ's denial decision. She completed the 11th grade and her past work experience includes communication consultant and secretary. Plaintiff claims to have been unable to work since January 15, 2011 due to coronary artery disease, Prinzmetal angina, major depressive disorder, malignant hypertension, cardiovascular problems, tachycardia, and anxiety. [R. 137, 317].

## The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments relating to coronary artery disease, hypertension, depression, and anxiety. [R. 120]. The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light exertional work as defined in 20 CFR 404.1567(b). The ALJ found Plaintiff could occasionally climb stairs and ramps,

balance, stoop, crouch and crawl; could perform simple, repetitive tasks; is limited to superficial contact with co-workers or supervisors; and no contact with the general public. [R. 27]. The ALJ determined that although Plaintiff cannot perform her past work, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 131-32]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ: 1) failed to properly evaluate the medical source and other source opinions; and 2) erred by relying on the medical expert's opinions concerning Plaintiff's physical impairments.

### **Analysis**

#### Evaluation of Medical and Other Source Opinion Evidence

Plaintiff argues that the ALJ failed to properly evaluate the medical opinions contained in the record, specifically, the opinions of Dr. Michael McLaughlin, D.O., and Mr. William Westmoreland, L.C.S.W. [Dkt. 12, p. 6-9].

Plaintiff contends that the ALJ failed to give appropriate weight to the opinion of her treating psychiatrist, Dr. McLaughlin. A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. However, should the opinion be deficient in either of these respects, it shall not to be given controlling weight. 20 C.F.R. §§ 404.1527(c)(2), 415.927(c)(2).

Even if a treating opinion is not given controlling weight, it is still entitled to consideration. The ALJ must make clear how much weight the opinion is being given and give good reasons, tied to the factors specified in the regulations, for the weight assigned. These factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527 and 416.927. *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003).[2]

The record reflects that Plaintiff began mental health treatment at Laureate Psychiatric Clinic and Hospital in February 2012 with Dr. McLaughlin. [R. 1181-1211; 1316-1319]. On May 14, 2012, Dr. McLaughlin completed a *Medical Source Statement - Mental.* [R. 1213-14]. Dr. McLaughlin assessed Plaintiff's mental limitations opining she had seven "marked" areas of limitation and thirteen areas of "moderate" limitation. Dr. McLaughlin found Plaintiff was "markedly limited" in her ability to understand and remember detailed instructions; ability to carry out detailed instructions; ability to maintain attention and concentration to extended periods; ability to work in coordination with or proximity to others without being distracted by them; ability to complete a normal workday and work-week without interruptions from psychologically based symptoms and to perform at a

---

[2] Plaintiff did not cite to Tenth Circuit cases in her brief. There are Tenth Circuit cases addressing every point Plaintiff raises. Tenth Circuit law is controlling and is therefore the law cited in this opinion.

4

consistent pace without an unreasonable number and length of rest periods; ability to accept instructions and respond appropriately to criticism from supervisors; and ability to respond appropriately to changes in the work setting. [R. 1213-14]. The ALJ summarized Dr. McLaughlin's opinion as follows:

> Dr. McLaughlin has been her treating psychiatrist since February 2012. He did complete a mental RFC in May 2012, which indicated all marked and moderate symptoms, including work-related. This is not given much weight, because it was based on only a few visits. These records were based on what she told the doctor and not actual objective evidence.

[R. 130].

Plaintiff does not point to, and the court does not find, anything in Dr. McLaughlin's medical records to support the markedly limited mental RFC. Dr. McLaughlin's conclusions of extreme disability are not supported by his own treatment notes. His records, which document six office visits, simply recount Plaintiff's own reports of her symptoms, but do not reflect any objective findings. [R. 1181-1184; 1316-1319]. The court finds no error in the ALJ's treatment of Dr. McLaughlin's records. The ALJ's decision must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. *Social Security Ruling* (SSR) 96-2p, 1996 WL 374188, at *5; *Watkins*, 350 F.3d at 1300-01(setting out framework for evaluating treating source medical opinions). Since the ALJ's summary of Dr. McLaughlin's records was accurate, and since the records do not contain additional findings or detail about Dr. McLaughlin's treatment, the reasons the ALJ gave for rejecting Dr. McLaughlin's RFC are clear and supported by the record. The court finds no error in the ALJ's evaluation of the mental RFC by Dr. McLaughlin.

Plaintiff argues that the ALJ failed to properly evaluate the opinion of Mr. William Westmoreland, L.C.S.W., Plaintiff's counselor. The court rejects Plaintiff's argument. Although an entry reflects Plaintiff is established with Mr. Westmoreland for counseling, [R. 1181], the court found only two notes in the medical record which appear to have been authored by Mr. Westmoreland. [R. 1237-1238]. Plaintiff did not identify any further records. The only other record by Mr. Westmoreland is the *Medical Source Statement - Mental* where he found Plaintiff has 13 marked areas of limitation. Mr. Westmoreland states Plaintiff "has been my patient since February 2012. She exhibits severe depressive symptoms that leave her unable to sleep, with limited concentration as well as very low energy levels." [R. 1217-18]. However, the record does not confirm Mr. Westmoreland's treatment.

In rejecting Mr. Westmoreland's opinion, the ALJ determined that Mr. Westmoreland was not an "acceptable medical source" within the meaning of the regulations. See 20 C.F.R. §§ 404.1513(a), 416.913(a) (defining acceptable medical sources). Therefore, Mr. Westmoreland's statement was not entitled to consideration as a "medical opinion" under the regulations, but could be considered to show the severity of Plaintiff's impairments and how they affected her ability to work. 20 C.F.R. §§ 404.1513(d), 416.913(d). Further, the ALJ found that Mr. Westmoreland's records were very similar to Dr. McLaughlin's, and his mental RFC, which indicates 13 areas of marked limitations, were not consistent with the records as a whole. [R. 130]. Considering the lack of any treatment notes or observations in the records authored by Mr. Westmoreland, the court finds no error in the ALJ's rejection of his opinion.

Opinion of Medical Expert

Plaintiff's argues that the ALJ erred by relying on the testimony of an unqualified medical expert. Plaintiff contends that Dr. John Francis Simonds, M.D. is not qualified to render an opinion regarding Plaintiff's physical impairments because his expertise is in psychiatry. Dr. Simonds has an M.D. degree and is a physician who is board certified in the areas of psychiatry and neurology. His field of practice is psychiatry. [R. 168, 282]. A psychiatrist is a physician and therefore an acceptable medical source under the regulations. An opinion from a psychiatrist is a medical opinion that the ALJ must consider. According to the regulations, a physician can provide medical opinions regarding a Plaintiff's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). The fact that Dr. Simonds is a psychiatrist is a factor to be considered when determining what weight to accord to his opinion as a medical doctor. He is, however, qualified to render a medical opinion regarding Plaintiff's physical impairments and limitations. The ALJ gave great weight to Dr. Simonds and the RFC reflects the opinion of Dr. Simonds that Plaintiff could perform light work with simple, repetitive tasks. [R. 122, 167]. Given the fact that Dr. Simonds is an acceptable medical source and in light of the record as a whole, the court finds that the ALJ did not err by relying on Dr. Simonds' opinion concerning Plaintiff's physical impairments.

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 23rd day of April, 2015.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE